| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Molycorp, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Schedule 1 Attached** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN. (if more than one, state all):<br>**27-2301797** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br><br>**5619 DTC Parkway, Suite 1000<br>Greenwood Village, Colorado**<br>ZIP CODE  80111 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Arapahoe County, Colorado** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**See Schedule 1 Attached** | ZIP CODE |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.)

**Chapter 15 Debtors**
County of debtor's center of main interests:

Each country which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check Box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which
The Petition is Filed** (Check one box)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an Individual primarily responsible for a Personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box)

- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter)*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- ☐ A plan is being filed with this Petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126 (b).

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors (on a consolidated basis)

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets (on a consolidated basis based upon most recent public filings)

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities (on a consolidated basis based upon most recent public filings)

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Molycorp, Inc.** | |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **None** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **See Schedule 1 Attached** | Case Number: **Pending** | Date Filed: **Date Hereof** |
| District: **Delaware** | Relationship: **Affiliate** | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☒ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)      Date |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐      Yes, and Exhibit C is attached and made a part of this petition.

☒      No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐      Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐      Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor – Venue
(Check the Applicable Boxes)

☒      Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐      There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐      Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
*(Check all applicable boxes.)*

☐      Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

              _____<br>
              (Name of landlord that obtained judgment)

              _____<br>
              (Address of landlord)

☐      Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐      Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐      Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B.1 (Official Form 1) (4/13) | FORM B1, Page 3 |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Molycorp, Inc. |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X_____<br>Signature of Debtor<br><br>X_____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X_____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X *[signature]*<br>Signature of Attorney for Debtor<br><br>M. Blake Cleary (No. 3614)<br>Edmon L. Morton (No. 3856)<br>Young Conaway Stargatt & Taylor, LLP<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>**June 25, 2015**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *[signature]*<br>Signature of Authorized Individual<br><br>**Michael F. Doolan**<br>Printed Name of Authorized Individual<br><br>**Executive Vice President and Chief Financial Officer**<br>Title of Authorized Individual<br><br>**June 25, 2015**<br>Date | Address<br><br>X_____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both (11 U.S.C. § 110; 18 U.S.C. § 156).* |

## SCHEDULE 1

A.   All Other Names Used by the Debtor in the last 8 years (including trade names):

None.

B.   Location of Principal Assets of Business Debtor (if different from street address):

Same as street address.

C.   Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

1.   Molycorp, Inc.
2.   Industrial Minerals, LLC
3.   Neo International Corp.
4.   Magnequench, Inc.
5.   Magnequench International, Inc.
6.   Magnequench Limited
7.   MCP Callco ULC
8.   MCP Canada Holdings ULC
9.   MCP Canada Limited Partnership
10.  MCP Exchangeco Inc.
11.  Molycorp Advanced Water Technologies, LLC
12.  Molycorp Chemicals & Oxides, Inc.
13.  Molycorp Luxembourg Holdings S.à r.l.
14.  Molycorp Metals & Alloys, Inc.
15.  Molycorp Minerals, LLC
16.  Molycorp Minerals Canada ULC
17.  Molycorp Rare Metals Holdings, Inc.
18.  Molycorp Rare Metals (Utah), Inc.
19.  PP IV Mountain Pass Inc.
20.  PP IV Mountain Pass II, Inc.
21.  RCF IV Speedwagon Inc.

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

## _____ District of _____

| | | |
|---|---|---|
| In re _____ , | ) | Case No. _____ |
| Debtor | ) | |
| | ) | |
| | ) | Chapter 11 |

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is _____ .

2. The following financial data is the latest available information and refers to the debtor's condition on _____ .

    a. Total assets      $ _____

    b. Total debts (including debts listed in 2.c., below)      $ _____

    c. Debt securities held by more than 500 holders:

                                                   Approximate number of holders:

| secured ❑ | unsecured ❑ | subordinated ❑ | $ _____ | _____ |
|---|---|---|---|---|
| secured ❑ | unsecured ❑ | subordinated ❑ | $ _____ | _____ |
| secured ❑ | unsecured ❑ | subordinated ❑ | $ _____ | _____ |
| secured ❑ | unsecured ❑ | subordinated ❑ | $ _____ | _____ |
| secured ❑ | unsecured ❑ | subordinated ❑ | $ _____ | _____ |

    d. Number of shares of preferred stock      _____   _____

    e. Number of shares common stock      _____   _____ (street name)

    Comments, if any: _____

_____

_____

3. Brief description of debtor's business: _____

_____

_____

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: _____

_____

_____

**MOLYCORP, INC.**
**(a Delaware corporation)**

**CERTIFICATE OF RESOLUTION**

I, Alexander D. Caldwell, Corporate Secretary and Vice President of Administration of Molycorp, Inc., a Delaware corporation (the "Company"), do hereby certify that: (a) I am the duly elected, qualified Corporate Secretary and Vice President of Administration of the Company; (b) the following resolutions were duly adopted by the Board of Directors of the Company, as of June 24, 2015, in accordance with the requirements of applicable law; and (c) said resolutions have not been amended, modified or rescinded and are in full force and effect as of the date hereof:

**MOLYCORP, INC.**
**(a Delaware corporation)**

**Resolutions Adopted at the June 24, 2015**
**Meeting of the Board of Directors**

Background

WHEREAS, Molycorp, Inc. (the "Company") is a Delaware corporation;

WHEREAS, the members of the Board of Directors of the Company (the "Board") have evaluated the Company's alternatives in connection with a possible restructuring and, based upon the information available to it at this time, and based upon the recommendation of the Restructuring Committee of the Board, have determined that it is in the best interests of the Company, and its stakeholders to (a) file a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and undertake the other actions approved by these Resolutions; (b) approve the restructuring support agreement (the "Restructuring Support Agreement"), including the related restructuring term sheet (the "Restructuring Term Sheet") attached as an exhibit to the Restructuring Support Agreement; (c) execute the Restructuring Support Agreement in a form substantially consistent with the form discussed with the Board of Directors; and (d) authorize counsel to (i) draft, file and seek approval of a disclosure statement  in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and (ii) draft, file, propose, solicit votes on and seek confirmation of a plan of reorganization (each in a manner consistent with the Restructuring Term Sheet and in accordance with the Restructuring Support Agreement and the Bankruptcy Code);

WHEREAS, the Board has determined, based upon the recommendation of the Restructuring Committee of the Board, that it is in the best interests of the Company for each of the following direct and indirect subsidiaries of the Company to file a petition for relief under Chapter 11 of the Bankruptcy Code:

- Industrial Minerals, LLC

- Neo International Corp.
- Magnequench, Inc.
- Magnequench International, Inc.
- Magnequench Limited
- MCP Callco ULC
- MCP Canada Holdings ULC
- MCP Canada Limited Partnership
- MCP Exchangeco Inc.
- Molycorp Advanced Water Technologies, LLC
- Molycorp Chemicals & Oxides, Inc.
- Molycorp Luxembourg Holdings S.à r.l.
- Molycorp Metals & Alloys, Inc.
- Molycorp Minerals, LLC
- Molycorp Minerals Canada ULC
- Molycorp Rare Metals Holdings, Inc.
- Molycorp Rare Metals (Utah), Inc.
- PP IV Mountain Pass Inc.
- PP IV Mountain Pass II, Inc.
- RCF IV Speedwagon Inc.

(collectively, with the Company, the "Proposed Debtors").

WHEREAS, the Restructuring Term Sheet and the Restructuring Support Agreement contemplate that the Proposed Debtors, along with certain nondebtor subsidiaries of the Company (the "Non-Debtor Guarantors") will enter into a $225 million debtor in possession senior secured credit facility (the "Restructuring DIP Facility") to be provided by certain holders of the Company's 10% Senior Secured Notes (the "Lenders");

WHEREAS, to ensure that the Restructuring DIP Facility is fully subscribed by the Lenders, the Company and certain of the Lenders that are parties to the Restructuring Support Agreement (the "Backstop Lenders") contemplate entering into a backstop lender commitment agreement (the "Backstop Agreement"), by which the Backstop Lenders, in exchange for certain consideration described in the Backstop Agreement, agree to assume all of the rights and obligations for any amount under the Restructuring DIP Facility for which the Lenders are not fully subscribed;

WHEREAS, the Board of Directors has reviewed the terms of the Restructuring DIP Facility and after due consideration taking into account the advice provided by the Company's advisors, and upon the recommendation of the Restructuring Committee of the Board, and in the exercise of its business judgment, the Board of Directors has determined that it is in the best interests of the Company to approve the economic terms of the Restructuring DIP Facility or other debtor in possession financing with similar economic terms (together with the Restructuring DIP Facility, the "DIP Facility") and to enter into such agreements, documents and instruments deemed necessary,

appropriate or advisable to consummate the transactions required to secure the DIP Facility (collectively, the "DIP Loan Documents"); and

WHEREAS, after due consideration taking into account the advice provided by the Company's advisors, and upon the recommendation of the Restructuring Committee of the Board, and in the exercise of its business judgment, the Board of Directors has determined that it is in the best interests of the Company to direct the other Proposed Debtors and the Non-Debtor Guarantors, as applicable, to approve and enter into (a) the DIP Facility and the DIP Loan Documents; (b) the Backstop Agreement; and (c) the Restructuring Support Agreement.

Resolutions

NOW, THEREFORE, BE IT:

Company Resolutions

RESOLVED, that the Board has declared, and it hereby does declare, that it is in the best interests of the Company and its stakeholders that the Company seek relief under the Bankruptcy Code;

RESOLVED, that the Company shall be, and it hereby is, authorized to file a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), in the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effectuate the purpose and intent of the foregoing;

RESOLVED, that the proper officers of the Company be, and each of them acting alone hereby is, authorized and directed, in the name and on behalf of the Company, to: (a) execute, acknowledge, deliver and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made prior to execution thereof any modifications to the Petition or ancillary documents as any such officer, in such person's discretion, deems necessary, desirable or appropriate to carry out the intent and accomplish the purposes of these resolutions; (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver and verify any and all other documents necessary, desirable or appropriate in connection therewith and to administer the Company's Chapter 11 Case in such form or forms as any such officer may deem necessary or advisable and in order to effectuate the purpose and intent of the foregoing resolutions; and (d) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers as any such officer, in such person's discretion, deems necessary, desirable or appropriate to accomplish the purposes of these resolutions; that their authority to act under these resolutions shall be conclusively evidenced by

their so acting; and that any and all such actions heretofore taken on behalf of the Company in such respects contemplated thereby are hereby ratified, approved and confirmed as the act and deed of the Company;

RESOLVED, that the Company is hereby authorized to approve  the Restructuring Support Agreement  and  the  Restructuring  Term  Sheet; and the proper officers of the Company are, and each of them acting alone hereby is, authorized and directed, in the name and on behalf of the Company, to (a) execute the Restructuring Support Agreement in a form substantially consistent with the form discussed with the Board  of  Directors;  and  (b) authorize counsel to draft, file and seek approval of a disclosure statement and to draft, file, propose, solicit votes on and seek confirmation of a plan of reorganization, in each case, as necessary and as contemplated by the Restructuring Term Sheet and in accordance with the Restructuring Support Agreement and the Bankruptcy Code;

RESOLVED, that the Company is hereby authorized to enter into the Backstop Agreement, the DIP Facility and the DIP Loan Documents on such terms as are substantially consistent with the terms discussed with the Board of Directors and perform all obligations and pay all fees contemplated thereunder;

RESOLVED, that the engagement by the Company of (a) AlixPartners LLP, (b) Prime Clerk, LLC**,** (c) Jones Day, (d) Young, Conaway Stargatt & Taylor LLP and (e) Miller Buckfire & Co., LLC is hereby ratified, adopted and approved in all respects;

RESOLVED, that Jones Day, Young Conaway Stargatt & Taylor LLP and any additional co-counsel or special or local counsel selected by the Company, shall be, and hereby are, authorized, empowered and directed to represent the Company, as debtor and debtor in possession, in connection with any Chapter 11 case commenced by or against it under the Bankruptcy Code;

RESOLVED, that any proper officer of the Company shall be, and each of them, hereby is, authorized, directed and empowered, in the name and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of, and take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any proper officer of the Company may deem necessary or appropriate to facilitate the transactions contemplated by the foregoing resolution, as may be deemed necessary, desirable or appropriate;

<u>Subsidiary Resolutions</u>

RESOLVED, that the Company hereby authorizes and directs that each of the Proposed Debtors file a petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

RESOLVED, that the Proposed Debtors and the Non-Debtor Guarantors are hereby authorized, to the extent necessary and required under the applicable

agreements, to (a) approve the Restructuring Support Agreement and the Restructuring Term Sheet; (b) execute the Restructuring Support Agreement in a form substantially consistent with the form discussed with the Board of Directors; and (c) authorize counsel to draft, file and seek approval of a disclosure statement and to draft, file, propose, solicit votes on and seek confirmation of a plan of reorganization, in each case, as necessary and as contemplated by the Restructuring Term Sheet and in accordance with the Restructuring Support Agreement and the Bankruptcy Code;

RESOLVED, that the Proposed Debtors and the Non-Debtor Guarantors Guarantors are hereby authorized, to the extent necessary and required under the applicable agreements, to enter into the Backstop Agreement, the DIP Facility and the DIP Loan Documents on such terms as are substantially consistent with the terms discussed with the Board of Directors and perform all obligations and pay all fees contemplated thereunder;

RESOLVED, that with respect to the three resolutions set forth immediately above, any member of the Board and any proper officer of the Company, each acting in their capacity of director, officer, manager or member of a Proposed Debtor or Non-Debtor Guarantor, as applicable, is authorized to cause the Proposed Debtors and Non-Debtor Guarantor to take the actions described above;

<u>Additional Resolutions</u>

RESOLVED, that all acts lawfully done or actions lawfully taken by any officer of the Company or any professionals engaged by the Company in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

RESOLVED, that any and all actions and transactions by the Board or any officer for and on behalf and in the name of the Company with respect to any transactions contemplated by the foregoing resolutions before the adoption of the foregoing resolutions be, and they hereby are, ratified, authorized, approved, adopted and consented to in all respects for all purposes; and

RESOLVED, that the Board and any proper officer of the Company hereby are authorized and directed to certify and/or attest these resolutions, certificate of incumbency and such other documents or instruments that the Corporate Secretary of the Company may deem necessary or appropriate in connection with the foregoing matters; provided, however, that such certification and/or attestation shall not be required for any document, instrument or agreement to be valid and binding on the Company.

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of the date first indicated above.

Name:  Alexander D. Caldwell
Title:  Corporate Secretary and Vice President
        of Administration

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
MOLYCORP, INC., et al.,¹                    :    Case No. 15-_____ (____)
                                            :
            Debtors.                        :    (Joint Administration Pending)
                                            :
-------------------------------------------------------------x
```

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 40 LARGEST UNSECURED CLAIMS**

> The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a consolidated list of the 40 largest unsecured creditors of the Debtors (the "Top 40 List") in lieu of a separate list for each Debtor.  The Top 40 List is based on the Debtors' books and records as of approximately June 23, 2015 and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases.  The Top 40 List does not include:  (1) persons who come within the definition of "insider" set forth in 11 U.S.C. §101(31); or (2) secured creditors, unless the value of the collateral is known and the creditor's unsecured deficiency places the creditor among the holders of the 40 largest unsecured claims.  The information presented in the Top 40 List shall not constitute an admission by, nor is it binding on, the Debtors.

---

¹     The Debtors are the following 21 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; Molycorp Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); RCF IV Speedwagon Inc. (0845).  Molycorp's United States headquarters is located at 5619 DTC Parkway, Suite 1000, Greenwood Village, Colorado 80111.

| Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|
| Wells Fargo, National Association | Wells Fargo, National Association<br>230 West Monroe Street, Suite 2900<br>Chicago, IL 60606<br>Phone: (312) 845-4575<br>Attn: Corporate Trust Services | 2017 Notes | | 383,000,000.00 |
| Wells Fargo, National Association | Wells Fargo, National Association<br>230 West Monroe Street, Suite 2900<br>Chicago, IL 60606<br>Phone: (312) 845-4575<br>Attn: Corporate Trust Services | 2016 Notes | | 206,500,000.00 |
| Wells Fargo, National Association | Wells Fargo, National Association<br>230 West Monroe Street, Suite 2900<br>Chicago, IL 60606<br>Phone: (312) 845-4575<br>Attn: Corporate Trust Services | 2018 Notes | | 148,900,000.00 |
| MP Environmental Services | MP Environmental Services<br>3400 Manor Street<br>Bakersfield, CA 93380<br>Phone: (602)-727-7254<br>Email: fisk747@frontiernet.net<br>Attn: Mark Fisk | Trade | | 2,015,729.00 |
| Computershare Trust Company of Canada | Computershare Trust Company of Canada<br>100 University Avenue, 9th Floor<br>Toronto, Ontario M5J 2Y1<br>Phone: (416) 263-9311<br>Attn: Manager, Corporate Trust | 2017 Debentures | | 1,750,000.00 |
| Veolia Water North America | Veolia Water North America<br>4760 WORLD HOUSTON PKWY<br>Houston, TX  77032<br>Phone: 832-300-5744<br>Email: Gregory.wilber@veolia.com<br>Attn: Gregory Wilber | Trade | | 827,968.40 |
| The Industrial Company | TIC – The Industrial Company<br>P.O. Box 842556<br>Dallas, TX 75284<br>Phone: (661) 619-4262<br>Email: wes.dearmore@ticus.com<br>Greg.bullock@ticus.com<br>Attn: Wes Dearmore & Greg Bullock | Trade | | 446,975.00 |
| CR Meyer and Sons Co. | CR Meyer and Sons Co.<br>1717 North 26th Street<br>Escanaba, MI 49829<br>Phone: (906) 280-4169<br>Email: alabar@crmeyer.com<br>Attn: Andy LaBar | Trade | | 392,749.76 |

| Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|
| EDF, Inc. | EDF Trading North America, LLC<br>4700 W. Sam Houston Parkway N.<br>Suite 250<br>Houston, TX 77047<br>Phone: (281) 921-9742<br>Email: Kelly.yang@edftrading.com<br>Attn: Kelly Yang | Trade | | 387,502.49 |
| Thrope Plant Services, Inc. | Thrope Plant Services, Inc.<br>228 W. Industrial Park Road<br>Harrison, AR 72601<br>Phone: (870) 391-4779<br>Email: Keith.wilson@thorpepme.com<br>Attn: Keith Wilson | Trade | | 283,400.00 |
| Total Western, Inc. | Total Western, Inc.<br>8049 Somerset Blvd.<br>Paramount, CA 90723<br>Phone: (702) 632-2988<br>Email: Bret.druesne@twimail.com<br>Attn: Bret Druesne | Trade | | 274,787.00 |
| The Penta Building Group, LP | The Penta Building Group, LP<br>181 E Warm Springs Rd.<br>Las Vegas, NV 89119<br>Phone: (702) 499-3769<br>Email: tdishon@pentabldggroup.com,<br>slobel@pentabldggroup.com<br>Attn: Steve Lobel | Trade | | 273,681.00 |
| CH2M Hill Engineers, Inc. | CH2M Hill Engineers, Inc.<br>9193 S. Jamaica Street<br>Englewood, CO 80112<br>Phone: (702) 95-1221<br>Email: Bruce.johnson@ch2mhill.com<br>Attn: Bruce Johnson | Trade | | 268,093.00 |
| Pronto Constructors | Pronto Constructors<br>P.O. Box 60848<br>Boulder City, CO 89006<br>Phone: (702) 294-4142<br>Email: gyoungs@pronto1.com<br>Attn: Glenn Youngs | Trade | | 229,811.23 |
| Tronox Alkali Wyoming Corporation | Tronox Alkali Wyonming Corporation<br>1735 Market Street<br>Philadelphia, PA 19103<br>Phone: (720) 320-9132<br>Email: Lance.adelsberger@tronox.com<br>Attn: Lance Adelsberger | Trade | | 217,764.84 |

| Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|
| Goodwest Linings & Coatings, I | Goodwest Linings & Coatings, I<br>8814 Industrial Lane<br>Rancho Cucamonga, CA 91730<br>Phone: (951) 236-7576<br>Email: psears@goodwestlining.com<br>Attn: Patricia Sears | Trade | | 199,775.00 |
| Brand Energy & Infrastructure | Brand Energy & Infrastructure<br>222 Gateway Road<br>Napa, CA 94558<br>Phone: (707) 558-1810<br>Email: andrea.miller@beis.com<br>Curtis.mcdonald@beis.com<br>Attn: Andrea Miller, Curtis McDonald | Trade | | 186,701.20 |
| NNR Global Logistics USA Inc. | NNR Global Logistics USA Inc.<br>22023 S. Main Street<br>Unit D<br>Carson, CA 90745<br>Phone: (310) 357-2100<br>Email: calzada@nnrusa.com<br>Attn: Eddie Calzada | Trade | | 141,448.39 |
| Solar Turbines Inc. | Solar Turbines Inc.<br>600 East Crescent Avenue, Suite 305<br>Upper Saddle River, NJ 07458<br>Phone: (949) 450-0870<br>Email: ericr@solarturbines.com<br>Attn: Eric Reasons | Trade | | 134,304.61 |
| Goodspeed Distributing Inc. | Goodspeed Distributing Inc.<br>11211 G Avenue<br>Hesperia, CA 92340<br>Phone: (760) 949-3356<br>Email: molycorp@goodspeednet.com<br>Attn: Customer Service | Trade | | 134,146.85 |
| Lignotech USA Inc. | Lignotech USA Inc.<br>100 Grand Avenue<br>Rothschild, WI 54474<br>Phone: (800) 654-4646<br>Email: customer@ltus.com<br>Attn: Customer Service | Trade | | 133,759.12 |
| Komatsu Equipment Co. | Komatsu Equipment Co.<br>1486 Distribution Drive<br>Salt Lake City, UT 84104-4751<br>Phone: (801) 952-4717<br>Email: kennethn@komatsueq.com<br>Attn: Ken Nelson | Trade | | 97,674.09 |

| Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|
| Blue Line Corporation | Blue Line Corporation<br>3443 E. Commerce Street<br>San Antonio, TX 78220<br>Phone: (210) 225-0400<br>Email: briggs@bluelinecorp.com<br>Attn: Belinda Riggs | Trade | | 94,654.37 |
| Core-Rosion Products | Core-Rosion Products<br>3300 East 19th Street<br>Signal Hill, CA 90755<br>Phone: (949) 633-9499<br>Email: doug@cor-rosion.com<br>Attn:  Doug Roughen | Trade | | 93,442.20 |
| Moody's Investor Service, Inc. | Moody's Investor Service, Inc.<br>P. O. BOX 102597<br>Atlanta, GA 30368-0597<br>Tel 212-553-4617<br>Email: anna.zubets-anderson@moodys.com<br>Attn: Anna Zubets-Anderson | Financial Services | | 92,500.00 |
| Instrument & Value Services Co. | Instrument & Value Services Co.<br>22737 Network Place<br>Chicago, IL 60637<br>Phone: (952) 906-8569<br>Email: Norine.quick@emerson.com<br>Attn: Norine Quick | Trade | | 92,427.98 |
| Royal Wholesale Electric | Royal Wholesale Electric<br>320 Russel Street<br>Riverside, CA 92501<br>Phone: (951) 683-6625<br>Email: sexonm@royalriv.com<br>Attn: Marie Sexon | Trade | | 85,566.68 |
| Standard & Poor's | Standard & Poor's<br>130 King Street West<br>Suite 1100<br>Toronto ON MSW 2B1<br>Phone: (212) 438-6861<br>Email: Michael.Silverberg@standardandpoors.com, chiza.vita@standardandpoors.com<br>Attn: Michael Silverberg, Chiza Vitta | Financial Services | | 82,000.00 |
| GoodFellow Corp. | GoodFellow Corp.<br>12451 Old Highway 95<br>Boulder City, NV 89005<br>Phone: (702)-293-7504<br>Email: bgubler@goodfellowcrushers.com<br>Attn: Brent Gubler | Trade | | 80,674.89 |

| Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|
| SNF Holding Company | SNF Holding Company<br>1 Chemical Plant Road<br>P.O. Box 250<br>Riceboro, GA 31323<br>Phone: (912) 880-2022<br>Email: latishaa@snf-hc.com<br>Attn: Latisha Anderson | Trade | | 74,699.78 |
| Evoqua Water Technologies LLC | Evoqua Water Technologies LLC<br>P.O. BOX 360766<br>Pittsburgh, PA 15251-6766<br>Phone: (800) 394-7570<br>Email: Kevin.jean@evoqua.com<br>Attn: Kevin Jean | Trade | | 74,127.73 |
| Brenntag Pacific, Inc. | Brenntag Pacific, Inc.<br>10747 Patterson Place<br>Santa Fe Springs, CA 90670<br>Phone:(562) 777-9312<br>Email: pmendoza@brenntag.com<br>Attn: Pat Mendoza | Trade | | 72,598.28 |
| Alpha Explosives | Alpha Explosives<br>3400 Nader Road<br>P.O. Box 310<br>Lincoln, CA 95648<br>Phone: (916) 645-3377<br>Email: dunderhill@alphaexplosives.com<br>Attn: Denise Underhill | Trade | | 71,545.36 |
| National Filter Media | National Filter Media<br>691 North 400 West<br>Salt Lake City, UT 84103<br>Phone: (800) 777-4248<br>Email:mrydalch@nfm-filter.com<br>Attn: Mark Rydalch | Trade | | 71,095.93 |
| Thermo Systems LLC | Thermo Systems LLC<br>84 Twin Rivers Drive<br>East Windsor, NJ 08520<br>Phone: (609) 371-3300<br>Email: cory.notaro@thermosystems.com<br>Attn: Cory Notaro | Trade | | 69,749.00 |
| RAM Enterprise Inc. | RAM Enterprise Inc.<br>1225 West Main Street<br>Elko, NV 89891<br>(775) 738-3997<br>customerservice@ram-enterprise.com<br>Attn: Customer Service | Trade | | 64,813.03 |

| Name of creditor | Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|
| Abatix Corp. | Abatix Corp.<br>5530 Arville Street<br>Suite D<br>Las Vegas, NV 89118<br>Phone: (702) 795-1018<br>Email: kellybagley@abatix.com<br>Attn: Kelly Bagley | Trade | | 62,655.37 |
| Weir Slurry Group, Inc. | Weir Slurry Group, Inc.<br>1550 Airport Road<br>Gallatin, TN 37066<br>Phone: (608) 221-5816<br>Email:<br>Raedawn.lawrence@weirminerals.com<br>Attn: Rae Dawn Lawrence, | Trade | | 60,273.08 |
| Jacobs Engineering Group, Inc. | Jacobs Engineering Group, Inc.<br>333 East Wetmore Road<br>Suite 600<br>Tucscon, AZ 85705<br>Phone: (520) 917-5458<br>Email: Herbert.west@jacobs.com<br>Attn: Herbert West | Trade | | 60,164.95 |
| Rosemount Inc. | Rosemount Inc.<br>8200 Market Boulevard<br>Chanhassen, MN 55317<br>Phone: (952) 906-8581<br>Email: Steve.meloche@emerson.com<br>Attn: Steve Meloche | Trade | | 59,901.68 |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
MOLYCORP, INC., et al.,¹                  :    Case No. 15-_____ (____)
                                          :
            Debtors.                      :    (Joint Administration Pending)
                                          :
-----------------------------------------------------------x
```

## DECLARATION REGARDING CONSOLIDATED LIST OF
## CREDITORS HOLDING 40 LARGEST UNSECURED CLAIMS

      I, Michael F. Doolan, Executive Vice President and Chief Financial Officer of Molycorp, Inc., declare under penalty of perjury that I have reviewed the foregoing "Consolidated List of Creditors Holding 40 Largest Unsecured Claims" and that it is true and correct to the best of my knowledge, information and belief.

Date:  June 25, 2015        Signature: _____

                              Michael F. Doolan
                              Executive Vice President and
                              Chief Financial Officer

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

---

[1] The Debtors are the following 21 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); RCF IV Speedwagon Inc. (0845).  Molycorp's United States headquarters is located at 5619 DTC Parkway, Suite 1000, Greenwood Village, Colorado 80111.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
---------------------------------------------------------------x
                                      :
In re                                 :    Chapter 11
                                      :
MOLYCORP, INC.,                       :    Case No. 15-_____ (____)
                                      :
                Debtor.               :    (Joint Administration Pending)
                                      :
---------------------------------------------------------------x
```

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1,

Molycorp, Inc. ("<u>Molycorp</u>") on behalf of itself and its affiliated debtors and debtors in

possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), respectfully represents as

follows:

1. Molycorp's equity securities are publicly held.

2. The following entity directly or indirectly own 10% or greater of
   Molycorp, Inc.'s issued and outstanding common stock:

   a. Molybdenos Y Metales, S.A.

[The remainder of this page is intentionally blank]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
                            :

In re                         :    Chapter 11

                            :

MOLYCORP, INC.,            :    Case No. 15-_____ (____)

                            :

             Debtor.       :    (Joint Administration Pending)

                            :

---------------------------------------------------------------x

## DECLARATION REGARDING CORPORATE OWNERSHIP STATEMENT

        I, Michael F. Doolan, the Executive Vice President and Chief Financial Officer of the above-captioned debtor, declare under penalty of perjury that I have reviewed the foregoing "Corporate Ownership Statement" and that it is true and correct to the best of my knowledge, information and belief.


Date: June 25, 2015         Signature: _____

                                   Michael F. Doolan
                                   Executive Vice President and
                                   Chief Financial Officer